IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04cr250

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| KENNETH LAMONT RUDISILL (7) ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon motion of the defendant for a reduction of sentence based on retroactive amendments to the United States Sentencing Guidelines relating to crack cocaine offenses. (Doc. No. 583). The government's time to respond has expired.

The defendant pled guilty to conspiracy to possess cocaine base with intent to distribute and four substantive drug trafficking crimes. (Doc. No. 458: Judgment at 1). At sentencing, the Court determined that the amount of crack cocaine reasonably foreseeable to the defendant was at least 500 grams but less than 1.5 kilograms. (Doc. No. 460: Statement of Reasons (SOR) at 1; Presentence Report (PSR) at ¶ 37). The resulting offense level of 36 was increased by 3 for being a supervisor in the conspiracy, (PSR at ¶ 40), and reduced by 3 for acceptance of responsibility, (PSR at ¶ 44). Combined with a criminal history category of VI, the resulting advisory guideline range was 324-405 months. (Doc. No. 460: SOR at 1).

The government moved for a downward departure pursuant to USSG §5K1.1 and 18 U.S.C. § 3553(e). (Doc. No. 423: Motion). After granting the motion, the Court sentenced the defendant to 220 months' imprisonment on each count concurrently. (Doc. No. 458: Judgment at 2). The Court subsequently granted the government's motion to further reduce the sentence under

Fed. R. Crim. P. 35 to 147 months, (Doc. No. 541: Motion; Doc. No. 554: Order), which was 45% of the low end of the original advisory guideline range.

The defendant moves to reduce his sentence based on retroactive amendments to the guidelines relating to crack cocaine offenses. (Doc. No. 583). As amended, USSG §1B1.10(b)(1) directs courts to determine the guideline range as if the amendments had been in place at the time of sentencing. If the defendant originally received a sentence less than the guideline range in effect at that time, a comparably lesser sentence may be imposed upon resentencing. USSG §1B1.10(b)(2)(B) and cmt. n.3.

The amended offense level for possessing at least 500 grams but less than 1.5 kilograms of cocaine base is 34. USSG Supp. to Appx. C., Amend. 706 (2007). The addition of 3 levels for role in the offense and the subtraction of three levels for acceptance of responsibility results in a total offense level of 34.[1] The amended guideline range, given a criminal history category of VI, is 262-327 months. Applying the comparable reduction for substantial assistance to the low end of that range yields a 118-month sentence, which the defendant requests (Doc. No. 583: Response at 5). The Bureau of Prisons has credited the defendant with serving approximately 43 months' incarceration. (Doc. No. 592: PSR Supplement at 1).

Consistent with 18 U.S.C. § 3582(c)(2), the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post-sentence conduct and the public's safety. Based on these factors, the Court finds that a reduction of the defendant's sentence would accomplish the goals of sentencing.

---

[1] The alternative calculation under the Career Offender guideline, USSG §4B1.1(b)(A), yields the same result.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **GRANTED** and the defendant's sentence is reduced to 118 months' imprisonment on each count to be served concurrently.

**IT IS FURTHER ORDERED** that, if the defendant is released from imprisonment without a residential plan accepted by the United States Probation Office, the defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the U.S. Probation Office, as a condition of supervised release. All other terms and conditions previously imposed remain unchanged.

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: October 22, 2008

Robert J. Conrad, Jr.
Chief United States District Judge